IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

In re:  Ryland, Sean Paul

Case Number: 09-43138-13

**DEBTOR**

Sean Paul Ryland

**PLAINTIFF**

vs

Case Number:

Accretive Health Inc.
dba Medical Financial Solutions
President Mary Tolan
401 N. Michigan Ave. Ste 2700
Chicago, IL 60611

and

St. Mary's Medical Center
c/o Registered Agent Steven R. Cleary
1000 Carondelet Dr. KCMO 64114

**DEFENDANT(S)**

**Complaint Seeking Damages in Core Adversary Proceeding**

## INTRODUCTION

1. This is an action for actual and punitive damages filed by the Debtor pursuant to Sections 105 and 362 of the Bankruptcy Code.

2. This action is also filed to enforce the Order of Confirmation duly entered in this Chapter 13 case and to enforce and to implement other Bankruptcy Code provisions and Rules related thereto.

## JURISDICTION AND VENUE

3. The allegations in paragraphs 1 through 2 of this Complaint are realleged and incorporated herein by this reference.

4. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United Stated Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the Debtor's in that case.

5. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code, and pursuant to the Local Rules for the Western District of Missouri Bankruptcy Court.

6. This Court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

7. This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding then and in that event the Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

8. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

## PARTIES

9. The allegations in paragraphs 1 through 8 of this Complaint are realleged and incorporated herein by this reference.

10. The Plaintiff in this case is a Debtor under Chapter 13 of Title 11 of the United States Code in case number 09-43138-13. The case is presently pending before this Court. The Plaintiff is hereinafter referred to as the Plaintiff or the Debtor.

11. The Defendant, Accretive Health, Inc. dba Medical Financial Solutions, (hereinafter "MFS") is a corporation organized and existing under the laws of the State of Delaware and registered to do business as a foreign corporation in the state of Missouri with its principal place of business located at 401 Michigan Ave., Suite 2700, Chicago, IL 60611.

12. The Defendant, St. Mary's Medical Center (hereinafter "St. Mary's") is a corporation organized and existing under the laws of the State of Missouri with its principal place of business located at 201 NW R.D. Mize Road, Blue Springs, MO 64014.

## FACTS COMMON TO THE CASE

13. The allegations in paragraphs 1 through 12 of this Complaint are realleged and incorporated herein by this reference.

14. The Plaintiff's Chapter 13 case was commenced by the filing of a voluntary petition with the Clerk of this Court on 7/1/2009.

15. The 341(a) meeting of creditors was held at 818 Grand, Kansas City, Missouri on 7/30/09 .

16. The Chapter 13 plan of the Plaintiff was subsequently confirmed by order of this Court dated 12/23/09.

17. The Plaintiff alleges upon information and belief that the notice mailed by Counsel included the following warning to all creditors: "CREDITORS MAY NOT TAKE CERTAIN ACTIONS: The filing of the bankruptcy case automatically stays certain collection and other actions against the debtor, debtor's property, and certain co-debtors. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized."

18. The Plaintiff avers that all of these documents were served on the Defendant, St. Mary's, and received by the Defendant, St. Mary's, including other documents filed in this case when the Defendant was specifically added as a creditor in the above captioned case on 7/26/10.

19. Medical Financial Solutions is a third party collector acting on behalf of St. Mary's to collect a debt within this pending bankruptcy. Medical Financial Solutions failed to verify or scrub the account by running an $.08 Pacer check to see if the Plaintiff had filed bankruptcy.

20. Medical Financial Solutions is an agent of St. Mary's Medical Center.

21. On or about 1/28/10, Medical Financial Solutions sent a third party collection notice to the Plaintiff attempting to collect the St. Mary's debt. The pink letter was specifically sent to the Plaintiff in a window envelope to place anyone on notice who saw the envelope that this was a collection notice. This was 366 days after the filing of the Chapter 13, which allowed for the Chapter 13 to be placed on the Plaintiff's credit report giving notice to all the credit world that he was in an active Chapter 13 Bankruptcy.

22. On or about 4/30/10, Medical Financial Solutions sent another third party collection notice to the Plaintiff attempting to collecting the St. Mary's debt. The pink letter was specifically sent to the Plaintiff in a window envelope to place anyone on notice who saw the envelope that this was a collection notice.

23. On or about 5/28/10, Medical Financial Solutions again sent a third party collection notice to the Plaintiff attempting to collecting the St. Mary's debt. The pink letter was specifically sent to the Plaintiff in a window envelope to place anyone on notice who saw the envelope that this was a collection notice. The Chapter 13 Plan includes a general unsecured pre-petition claim to St. Mary's Medical Center in the amount of $497.00.

24. On or about 7/26/10, the attorney for the Plaintiff, Rachel Lynn Foley, caused a written notice of her representation of the Debtor and the filing of the Chapter 13 case and of the automatic stay to be mailed to all the creditors in this proceeding, including St. Mary's, via first class mail, postage prepaid.

25. On or about 8/20/10, Medical Financial Solutions continued to send a third party collection notice to the Plaintiff attempting to collecting the St. Mary's debt. The pink letter was specifically sent to the Plaintiff in a window envelope to place anyone on notice who saw the envelope that this was a collection notice.

26. On or about 9/17/10, Medical Financial Solutions continued violating the the automatic stay by sending another third party collection notice to the Plaintiff attempting to collecting the St. Mary's debt. The pink letter was specifically sent to the Plaintiff in a window envelope to place anyone on notice who saw the envelope that this was a collection notice.

27. The Plaintiff has been harassed and damaged by the Defendants' repeated and continued actions in that they have been and continue to be forced to expend their time and expenses toward the defense of this contested matter.

## FIRST CLAIM FOR RELIEF
### (Breach of 11 U.S.C. § 105)

28. The Plaintiff restates and realleges each and every material allegation contained in the paragraphs 1-26.

29. Under 11 USC §105, this Court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of Title 11. *Payless vs. Tippecanoe County, Indiana, et al*, 00-40866 (WDMO 2000). This includes the remedy of Contempt for failure to comply with the Orders issued by this Court such as the Order of Relief and the Automatic Stay.

30. 11 USC §105 allows the Court to exercise its equitable powers where necessary or appropriate to facilitate implementation of Bankruptcy Code provisions, including the granting of sanctions for contempt, the granting of monetary relief for actual and statutory damages, punitive damages, attorneys' fees and costs, and the imposition of temporary and permanent injunctions.

31. On 7/1/09, the Automatic Stay was in place to protect the Plaintiff automatically from certain collection and other actions against the debtor, debtor's property, and certain co-debtors.

32. On or about 1/28/10, Medical Financial Solutions sent a third party collection notice to the Plaintiff attempting to collect the St. Mary's debt. The pink letter was specifically sent to the Plaintiff in a window envelope to place anyone on notice who saw the envelope that this was a collection notice. This was 366 days after the filing of the Chapter 13, which allowed for the Chapter 13 to be place on the Plaintiff's credit giving notice to all that he was in an active Chapter 13 Bankruptcy.

33. On or about 4/30/10, Medical Financial Solutions sent another third party collection notice to the Plaintiff attempting to collecting the St. Mary's debt. The pink letter was specifically sent to the Plaintiff in a window envelope to place anyone on notice who saw the envelope that this was a collection notice.

34. On or about 5/28/10, Medical Financial Solutions continued sending third party collection notices to the Plaintiff attempting to collecting the St. Mary's Hospital Debt. The pink letter was specifically sent to the Plaintiff in a window envelope to place anyone on notice who saw the envelope that this was a collection notice. The Chapter 13 Plan includes a general unsecured pre-petition claim to St. Mary's Medical Center in the amount of $497.00.

35. On or about 7/26/10, the attorney for the Plaintiff, Rachel Lynn Foley, caused a written notice of her representation of the Debtor, of the filing of the Chapter 13 case, and of the automatic stay to be mailed to all the creditors in this proceeding, including St. Mary's Hospital, via first class mail, postage prepaid.

36. On or about 8/20/10, Medical Financial Solutions violated the automatic stay by sending a third party collection notice to the Plaintiff attempting to collecting the St. Mary's debt. The pink letter was specifically sent to the Plaintiff in a window envelope to place anyone on notice who saw the envelope that this was a collection notice.

37. On or about 9/17/10, Medical Financial Solutions continued violation the automatic stay by sending a third party collection notice to the Plaintiff attempting to collecting the St. Mary's debt. The pink letter was specifically sent to the Plaintiff in a window envelope to place anyone on notice who saw the envelope that this was a collection notice.

38. St. Mary's Medical Center hired Medical Financial Solutions to collect their debt that was allegedly due and owing by the Plaintiff. But for Medical Financial Solutions being an agent of St. Mary's Medical Center, Medical Financial Solutions would not be collecting on said debt. Therefore St. Mary's Medical Center is responsible for all actions of Medical Financial Solutions.

**WHEREFORE**, the Plaintiff having set forth the claims for relief against the Defendants, respectfully prays that this Court award the following:

A. That the Plaintiff recovers a sum to be determined by the Court in the form of actual damages against the Defendants, individually or collectively;

B. That the Plaintiff recovers a sum to be determined by the Court in the form of punitive damages against the Defendants for a sum of no less than $15,000, individually or collectively;

C. That the Plaintiff recovers a sum to be determined by the Court in the form of all reasonable legal fees and expenses incurred by their attorney against the Defendants, individually or collectively;

D. That the underlying debt to the Defendant be forever canceled and discharged; and

E.     That the Plaintiff have such other and further relief as the Court may deem just and proper.

## SECOND CLAIM FOR RELIEF
### (Breach of 11 U.S.C. §362 - Automatic Stay)

39.   The allegations in paragraphs 1 through 37 of this complaint are realleged and incorporated herein by this reference.

40.   The actions of the Defendants in causing the improper demands for payment to be sent to the Plaintiff(s), constitute a gross violation of the automatic stay as set forth in 11 U.S.C. Section 362(a)(3).

41.   On or about 1/28/10, Medical Financial Solutions sent a third party collection notice to the Plaintiff attempting to collecting the St. Mary's debt. The pink letter was specifically sent to the Plaintiff in a window envelope to place anyone on notice who saw the envelope that this was a collection notice. This was 366 days after the filing of the Chapter 13 which allowed for the Chapter 13 to be place on the Plaintiff's credit giving notice to all that he was in an active Chapter 13 Bankruptcy.

42.   On or about 4/30/10, Medical Financial Solutions sent a third party collection notice to the Plaintiff attempting to collecting the St. Mary's debt. The pink letter was specifically sent to the Plaintiff in a window envelope to place anyone on notice who saw the envelope that this was a collection notice.

43.   On or about 5/28/10, Medical Financial Solutions sent a third party collection notice to the Plaintiff attempting to collecting the St. Mary's debt. The pink letter was specifically sent to the Plaintiff in a window envelope to place anyone on notice who saw the envelope that this was a collection notice. The Chapter 13 Plan includes a general unsecured pre-petition claim to St. Mary's Medical Center in the amount of $497.00.

44.   On or about 7/26/10, the attorney for the Plaintiff, Rachel Lynn Foley, caused a written notice of her representation of the Debtor, of the filing of the Chapter 13 case, and of the automatic stay to be mailed to all the creditors in this proceeding, including St. Mary's, via first class mail, postage prepaid.

45.   On or about 8/20/10, Medical Financial Solutions sent a third party collection notice to the Plaintiff attempting to collecting the St. Mary's debt. The pink letter was specifically sent to the Plaintiff in a window envelope to place anyone on notice who saw the envelope that this was a collection notice.

46.   On or about 9/17/10, Medical Financial Solutions sent a third party collection notice to the Plaintiff attempting to collecting the St. Mary's debt. The pink letter was specifically sent to the Plaintiff in a window envelope to place anyone on notice who saw the envelope that this was a collection notice.

47. St. Mary's Medical Center hired Medical Financial Solutions to collect their debt that was allegedly due and owing by the Plaintiff. But for Medical Financial Solutions being an agent of St. Mary's Medical Center, Medical Financial Solutions would not be collecting on said debt. Therefore St. Mary's Medical Center is responsible for all actions of Medical Financial Solutions.

48. As a result of the above violations of 11 U.S.C. Section 362, the Defendants are liable to the Plaintiff for actual damages, punitive damages and legal fees.

**WHEREFORE**, the Plaintiff having set forth his claims for relief against the Defendant respectfully pray of the Court as follows:

A. That the Plaintiff has and recover against the Defendants a sum to be determined by the Court in the form of actual damages;

B. That the Plaintiff has and recover against the Defendants a sum a sum to be determined by the Court in the form of punitive damages in the amount of $15,000;

C. That the Plaintiff has and recover against the Defendant all reasonable legal fees and expenses incurred by their attorney;

D. That the underlying debt to the Defendants be forever canceled and discharged;

E. That the Plaintiff has such other and further relief as the Court may deem just and proper.

### THIRD CLAIM FOR RELIEF
### (Breach of FDCPA 15 U.S.C. § 1692 et seq.)

49. The Plaintiff restates and realleges each and every material allegation contained in the paragraphs 1-47.

50. That Plaintiff, is a natural person for purposes of the Fair Debt Collection Practices Act and is a consumer as defined by 15 U.S.C. § 1692a(3).

51. The medical debt is a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), and interpreted by the FTC Informal Staff Opinion Letter.

52. Medical Financial Solutions is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) whose primary purpose is to collect debts.

53. Medical Financial Solutions has violated §1692e as their letters are false and misleading because the letter attempts to collect a debt that is in the pending bankruptcy therefore is not collectable. Further Medical Financial Solutions is threatening to report this debt to the Plaintiff's credit report.

54. Medical Financial Solutions violated §1692e as their letters are specifically misleading. Medical Financial Solutions is a collection agency retained by St. Mary's Hospital to collect a debt. However, in the collection letter they use misleading language that "Your account is currently being reviewed for assignment to a collection agency. Once assigned, the collection agency will report you to a credit bureau and take other actions to collect the amounts owed." Again Medical Financial Solutions is a collection agency and the referral has already been made by St. Mary's Hospital.

55. Medical Financial Solutions is a member of the Better Business Bureau of Western Michigan and holds themselves out specifically as a collection agency.

56. Medical Financial Solutions violated §1692e(7) by sending pink collection letters, conduct specifically designed to disgrace the Plaintiff in an attempt to collect a debt.

57. Medical Financial Solutions violated § 1692 e(10) by utilizing false representation or deceptive means to collect a debt, as that debt is contained in the Plaintiff's Bankruptcy.

58. Medical Financial Solutions is a division of Accretive Health. Accretive Health specifically describes Medical Financial Solutions as: *Medical Financial Solutions. Our Medical Financial Solutions tool uses proprietary algorithms to assess a patient's propensity to pay and determines follow-up actions structured to allow higher yields with lower collections effort. http://sec.edgar-online.com/accretive-health-inc/s-1a-securities-registration-statement/2010/04/26/section20.aspx*

59. Medical Financial Solutions violated § 1692 f(1) by collecting a debt that is not permitted by law, as the debt is in the Chapter 13 Bankruptcy.

60. As a result of each and every violation by the Defendants, individually and/or collectively, of the FDCPA, the Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant found to have violated said provisions of the FDCPA herein.

**WHEREFORE**, the Plaintiff having set forth the claims for relief against the Defendant, Medical Financial Solutions, respectfully prays that this Court award the following:

A. That the Plaintiff recovers a sum to be determined by the Court in the form of actual damages against the Defendant, Medical Financial Solutions,;

B. That the Plaintiff recovers a sum to be determined by the Court in the form of punitive damages against the Defendant, Medical Financial Solutions, for a sum of no less than $1,000, individually or collectively;

C. That the Plaintiff recovers a sum to be determined by the Court in the form of all reasonable legal fees and expenses incurred by their attorney against the Defendant, Medical Financial Solutions,;

D. That the underlying debt to the Defendant, Medical Financial Solutions, be forever canceled and discharged;

E. That the Plaintiff have such other and further relief as the Court may deem just and proper.

/s/ Tracy Wrisinger
**RACHEL LYNN FOLEY**, MO Bar 47121
**TRACY WRISINGER**, MO Bar 48066
Midwest Bankruptcy Litigation Center,LLC
4014 S. Lynn Crt Ste. B
Independence, MO. 64055
816-472-4357
888-876-1591(fax)
clients@kcmblc.com
**ATTORNEYS FOR PLAINTIFF**

## VERIFICATION

I, Sean Paul Ryland, a citizen and resident of the State of Missouri and the named Plaintiff herein, do hereby verify that on this the 31st day of January 2011, that I have read the above Complaint and now declare under penalty of perjury that the factual averments are true andcorrect to the best of my recollection, knowledge and belief

/s/ Sean Ryland
Sean Ryland
Plaintiff